```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF ALABAMA
                   EASTERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:07cr32-WKW |
| | ) | |
| MICHAEL BAILEY | ) | |

<u>UNITED STATES OF AMERICA'S PROPOSED FORFEITURE INSTRUCTIONS</u>

Comes now the United States of America (United States), by and through Leura G. Canary, United States Attorney, and John T. Harmon, Assistant United States Attorney, and submits its Proposed Forfeiture Instructions for use in the forfeiture proceedings of the above-styled case.

The United States respectfully requests the Court, pursuant to Rule 30 of the <u>Federal Rules of Criminal Procedure</u>, to include and use the attached forfeiture instructions in charging the jury or, in the alternative, to use in substance the principles of law identified in the attached instructions in charging the jury.

Respectfully submitted this 29th day of October, 2007.

                                   FOR THE UNITED STATES ATTORNEY
                                   LEURA G. CANARY

                                 <u>/s/John T. Harmon</u>
                                 John T. Harmon
                                 Assistant United States Attorney
                                 Bar Number: 7068-II58J
                                 Office of the United States Attorney
                                 Middle District of Alabama
                                 131 Clayton Street
                                 Post Office Box 197
                                 Montgomery, Alabama 36101-0197
                                 Telephone:(334) 223-7280
                                 Facsimile: (334) 223-7560

CERTIFICATE OF SERVICE

    I hereby certify that on October 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    /s/John T. Harmon
John T. Harmon
Assistant United States Attorney

<u>UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 1</u>

Members of the Jury:

Your verdict in this case does not complete your jury service, as it would in most cases, because there is another matter you must now consider and decide, namely, whether the defendant should forfeit certain property to the United States as a part of the penalty for the crime charged in Count 2 of the indictment.

In a portion of the indictment not previously discussed or disclosed to you, it is alleged that a certain firearm was involved in the offense as charged in Count 2; and, in view of your verdict finding the defendant guilty of that offense, you must also decide, under the law I will now explain to you, whether such firearm should be forfeited to the United States.

The term "forfeited" simply means for someone to be divested or deprived of the ownership of something as a part of the punishment allowed by the law for the commission of certain criminal offenses.

In deciding these forfeiture issues you should consider all of the evidence you have already heard during the trial plus the additional evidence, if any, that will be presented to you when I finish giving you these instructions.

The forfeiture allegation of the indictment - a copy of which will be provided to you for your consideration during your supplemental deliberations - describes in particular the firearm allegedly subject to forfeiture to the United States:

One Iver Johnson, .38 caliber revolver, serial number J08867.

In order to be entitled to the forfeiture of this firearm, the United States must have proved by a preponderance of the evidence that this firearm was involved in the offense as charged in Count 2 of the indictment.

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true. Proof beyond a reasonable doubt as used earlier in your deliberations is **not** required and you should put that standard out of your mind.

While deliberating concerning the issue of forfeiture you must not reexamine your previous determination regarding the defendant's guilt. However, all of the instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias or sympathy, the necessity of a unanimous verdict, and the offense charged in Count 2 will continue to apply during these supplemental deliberations.

_____

Pattern Jury Instructions, Criminal Cases, Eleventh Circuit
 (2003 revision)

Federal Rule of Criminal Procedure 32.2 provides:

> (a) <u>Notice To The Defendant</u>. A court shall enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains a notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute.

Granted     _____

Modified    _____

Denied      _____

Withdrawn   _____

<u>UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 2</u>

Title 18, United States Code, Section 924(c)(1)(A)(ii), makes it a federal crime or offense for anyone to use, carry and brandish a firearm during and in relation to a drug trafficking offense.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer.

_____

Pattern Jury Instructions, Criminal Cases, Eleventh Circuit
 (2003 revision)


Granted      _____

Modified     _____

Denied       _____

Withdrawn    _____

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 3

    Count 2 of the indictment and the forfeiture allegation list the firearm which the United States contends was used, carried and brandished in relation to a drug trafficking offense.  The Special Verdict Form regarding forfeiture states the property which the indictment alleges is such property regarding that Count.

_____

Granted     _____

Modified    _____

Denied      _____

Withdrawn   _____

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 4

You must reach a unanimous verdict as to each question on the Special Verdict Form.

_____

Title 19, United States Code, Section 1615; U.S. v. $41,305 In Currency, 802 F.2d 1339, 1343 (11th Cir. 1986); U.S. v. One 1975 Ford F-100 Pickup Truck, 558 F.2d 755, 756 (5th Cir. 1977).

U.S. v. Four Million, Two Hundred Fifty-Five Thousand, 762 F.2d 895, 904 (11th Cir. 1985).

Granted      _____

Modified     _____

Denied       _____

Withdrawn    _____

```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF ALABAMA
                       EASTERN DIVISION

UNITED STATES OF AMERICA    )
                            )
        v.                  )    CR. NO. 3:07cr32-WKW
                            )
MICHAEL BAILEY              )
```

UNITED STATES OF AMERICA'S PROPOSED SPECIAL VERDICT FORM

We, the jury, return the following special verdict as to the following property:

> One Iver Johnson, .38 caliber revolver, bearing serial number J08867.

We, the jury, unanimously find by a preponderance of the evidence that an Iver Johnson, .38 caliber revolver, bearing serial number J08867 was involved and used in the defendant's violation as charged in Count 1 of the indictment.

**YES** _____

**NO** _____

_____        _____
DATE                                FOREPERSON